## Brown *v.* Geissler, Appellant.

*Will—Devise—Heirs—Fee simple estate—Issue.*

Where a testator devises land to his wife for life and at her death to his daughter "and her heirs, but should she, my said daughter, die without issue then" over, and the daughter survives the testator and the life tenant, and has issue which also survives them the daughter takes an estate in fee simple.

Argued April 18, 1904.    Appeal, No. 128, April T., 1904, by defendant, from order of C. P. Fayette Co., Dec. T., 1903, No. 305, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Mary J. Brown v. John Geissler.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Assumpsit for the balance of purchase money.

The opinion of the Superior Court states the case.

*Error assigned* was in making absolute rule for judgment for want of a sufficient affidavit of defense.

*W. H. Hogg*, for appellant, cited: Miller's Est., 145 Pa. 561; Fahrney v. Holsinger, 65 Pa. 388; Stoner v. Wunderlich, 198 Pa. 158; Ralston v. Truesdell, 178 Pa. 429.

*George D. Howell*, for appellee, cited: Doe v. Sparrow, 13 East, 359; Fahrney v. Holsinger, 65 Pa. 388; Mickley's App., 92 Pa. 514; Morrison v. Truby, 145 Pa. 540; Grimes v. Shirk, 169 Pa. 74; Sunderland's Est., 203 Pa. 155; Hackney v. Tracy, 137 Pa. 53; Biddle's Estate, 28 Pa. 59; Fulton v. Fulton, 2 Grant, 28; Karker's Appeal, 60 Pa. 141; McCullough v. Fenton, 65 Pa. 418; Eichelberger v. Barnitz, 9 Watts, 447; Reinoehl v. Shirk, 119 Pa. 108.

PER CURIAM, May 19, 1904:

This case turns upon the proper interpretation of the clause of the will of Thomas White, the father of the plaintiff, which reads as follows: " I also will to my beloved wife the farm on which we now reside for and during her natural lifetime, and

at her death to fall to my daughter Mary Jane and her heirs, but should she my said daughter, die without issue then in that case I direct the farm to be sold by my executors, to the best advantage of the estate, and the proceeds thereof equally divided between my son Jos. Marpel and the Episcopal Foreign Methodist Missionary Society, to be paid over to them as soon as circumstances will permit."

The plaintiff's contention is that since she has survived the testator, and also the widow who was life tenant, and since she has had issue which survived them and still survives, she has taken an estate in fee simple. It is stated that this was the view taken by the court below, and it seems clear to us that this interpretation effectuates the intention of the testator and is amply sustained by the authorities cited in the appellee's brief. It follows that the court was right in giving judgment for the plaintiff.

Judgment affirmed.